## 57202. COX CAULKING & INSULATING COMPANY v. BROCKETT DISTRIBUTING COMPANY.

SMITH, Judge.

We find meritless appellant's contention that the Statute of Frauds was not a bar to his claim. Accordingly, we affirm the trial court's grant of appellee's motion for summary judgment.

Appellant, Cox Caulking and Insulating Company, brought this suit seeking damages for appellee Brockett Distributing Company's alleged breach of an oral contract for the sale of insulating material to appellant, the latter being the insulation subcontractor on a construction project headed by Cardinal-Hunt Joint Ventures. Appellee's increase in the price it charged for the material constituted the basis for appellant's allegation of breach. In the trial court appellant maintained that a letter written by appellee to Cardinal-Hunt, pertinent portions of which we quote, satisfied the applicable Statute of Frauds: "I am writing you at the request of Cox Insulators, who at the present time is handling the Cardinal and Hunt Joint Venture in Hinesville, Georgia. On January 14, 1977 Brockett Distributing Co. submitted a price of $2.62 per bag for the above project. Due to rising costs of materials we were forced to make an unusually large increase of $.58 per bag. At this time we had not received definite word from Mr. Cox regarding the above project. On March 5, 1977 we shipped Mr. Cox a full trailer at the above price of $2.62, hoping that we could continue to honor our verbal agreement of this price. On June 7, 1977 we began shipping trailers to Mr. Cox on a weekly basis. At this time we notified him of the increase and that we would have to pass this $.58 increase on to him."

1. The only argument appellant presents concerning the Statute of Frauds is that the quoted letter fulfilled Code § 109A-2—201 (1), which provides: "Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing." Official Comment 1 to that section of the Uniform Commercial Code states: "The required writing need not contain all the material terms of the contract and such material

terms as are stated need not be precisely stated. All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction ... Only three definite and invariable requirements as to the memorandum are made by this subsection. First, it must evidence a contract for the sale of goods; second, it must be 'signed', a word which includes any authentication which identifies the party to be charged; and third, it must specify a quantity."

Assuming arguendo that the letter satisfied the first two requirements of the subsection, as a matter of law it did not satisfy the requirement that a quantity of insulation be stated. We agree with appellant that the quantity need not be designated numerically where the memorandum evidences a requirements or output contract. *R. L. Kimsey Cotton Co. v. Ferguson,* 233 Ga. 962 (1) (214 SE2d 360) (1975). However, we reject appellant's contention that the phrase, "for the above project," was sufficient as a term of quantity. We conclude, instead, that the phrase merely designated the project which was the subject of the letter and that the letter contained no such "term which measure[d] the quantity by the output of the seller or the requirements of the buyer." Code § 109A-2—306 (1). (See Code § 109A-1—201 (42) for the definition of "term.") Accord, Lowe's Companies, Inc. v. Lipe, 20 N. C. App. 106 (201 SE2d 81) (1973); Ace Concrete Products Co. v. Charles J. Rogers Construction Co., 69 Mich. App. 610 (245 NW2d 353) (1976); Alaska Independent Fisherman's Marketing Assn. v. New England Fish Co., 15 Wash. App. 154 (548 P2d 348) (1976); and Doral Hosiery Corp. v. Sav-A-Stop, Inc., 377 FSupp. 387 (E. D. Pa. 1974). Cf. *R. L. Kimsey Cotton Co.,* supra; *Harris v. Hine,* 232 Ga. 183 (205 SE2d 847) (1974); Port City Construction Co., v. Henderson, 48 Ala. 639 (266 S2d 896) (1972); Fort Hill Lumber Co. v. Georgia-Pacific Corp., 261 Or. 431 (493 P2d 1366) (1972); and Riegel Fiber Corp. v. Anderson Gin Co., 512 F2d 784 (5th Cir. 1975).

The following exposition demonstrates what might have sufficed, insofar as the term of quantity is concerned: "Since subsection (1) to Section 2-201 explictly states that an oral agreement is not enforceable beyond the quantity

which is stated in the memorandum, it can reasonably be expected that absence of a quantity designation will seriously jeopardize the chance that a writing will satisfy the memorandum rule. This does not mean that absence of a numerical designation will impair the writing, but some reference to quantity will be needed from which it can be determined what the contract amount is. A reference to output, to requirements, or to the total amount in a given location, should all be adequate. While none of these approaches uses a specific numerical amount, each provides a method for determining quantity. Recognizing that another section of the Code, Section 2-306 dealing with output and requirements contracts, states that a 'term which measures the quantity by . . . output . . . or . . . requirements . . . means such actual output or requirements as may occur in good faith,' it should surely follow that a memorandum designating quantity in either of these terms is adequate. Describing quantity by the word 'all' is not significantly different, and should not impair the sufficiency of a memorandum." 3 Bender's U.C.C. Service, Duesenberg & King, Sales and Bulk Transfers § 2.04[2], p. 2-59.

Appellant's argument concerning the Statute of Frauds does not suffice. We therefore affirm the trial court's grant of appellee's motion for summary judgment.

2. Our holding in Division 1 renders moot appellant's remaining contention.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 7, 1979 — DECIDED JUNE 22, 1979.

*Somers & Altenbach, John W. Gibson, Rogers, Magruder & Hoyt, Ed Hine, Jr.,* for appellant.

*Zachary & Segraves, J. Ed. Segraves,* for appellee.