SLOCUM v FORD MOTOR COMPANY

Docket No. 47173. Submitted October 16, 1980, at Detroit.—Decided
November 3, 1981. Leave to appeal applied for.

Hope Slocum was injured when the automobile in which she was
riding went out of control and rolled over. Hope Slocum and
her husband, Ray Slocum, brought an action in Wayne Circuit
Court against Ford Motor Company, manufacturer of the auto-
mobile, and Spiker Ford, Inc., the seller of the automobile,
alleging that the accident resulted from a defective tire which
had failed and basing their claims on breach of warranty and
negligence. Ford filed a third-party complaint for indemnity
against Uniroyal, Inc., manufacturer of the tire. At trial,
plaintiffs sought to have a certain portion of Ford's third-party
complaint against Uniroyal admitted into evidence as admis-
sions by Ford. The portion at issue related to an allegation by
Ford that the tire was defective, such allegation being contrary
to Ford's position in the principal case, which was that the tire
was not defective. William J. Giovan, J., did not permit plain-
tiffs to place that allegation before the jury, holding that the
probative value of such evidence was outweighed by its prejudi-
cial effect. Plaintiffs also objected to the admission of certain
expert testimony offered by defendant Ford and to the admis-
sion by defendant Ford of a newspaper article relied upon by
the plaintiffs' expert witness. Both the testimony of defendant
Ford's expert witness and the newspaper article were admitted
into evidence. The jury returned verdicts of no cause of action.
Plaintiffs appeal. Defendant Ford cross-appeals. *Held:*

1. While any statement of fact contained in any pleading
may normally be treated as an admission by the pleader,
where, as here, the allegation is contained in a third-party

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 692.
   61A Am Jur 2d, Pleading § 178.
[2] 73 Am Jur 2d, Statutes § 181.
[3] 31 Am Jur 2d, Expert and Opinion Evidence § 6.
[4] 31 Am Jur 2d, Expert and Opinion Evidence § 3.
[5] 29 Am Jur 2d, Evidence § 893.
[6] 29 Am Jur 2d, Evidence § 892.

complaint, is inconsistent with the pleading in the principal action, and is, by its very nature, a conditional pleading, the facts so pled in the third-party action are not to be treated as admissions in the principal action. To hold otherwise would defeat the liberal pleading and liberal joinder provisions of the court rules. The trial court properly exercised its discretion by refusing to admit the pleading as an admission.

2. The trial court determined that a proper foundation was established with respect to the expert opinion offered by defendant Ford's witness. Even if the expert's testimony was based upon facts not in evidence, such evidence was admissible into evidence, with the nature of the facts and data upon which the opinion was based being tested through cross-examination.

3. Expert testimony may be received into evidence not only where it is "necessary" to assist the trier of fact in its determination but also where the trial court determines that such evidence will "assist" the trier of fact. The admissibility of expert testimony is addressed to the trial court's discretion. No abuse of discretion has been shown.

4. Since plaintiffs' expert witness indicated in his deposition testimony which was admitted into evidence that his opinion was based upon a specific newspaper article, defendant Ford properly sought to have that newspaper article admitted into evidence. Under the rules of evidence, there was no need for defendant Ford to provide extrinsic evidence of the authenticity of the newspaper article prior to its admission into evidence. There is no support for plaintiffs' assertion that there was no showing that the exhibit admitted was not the actual article mentioned by plaintiffs' expert witness.

Affirmed.

1. EVIDENCE — PLEADINGS — INCONSISTENT CLAIMS — ADMISSIONS — COURT RULES.

Allegations made by a party in a third-party complaint which are inconsistent with the pleader's defense in the principal action may not be used as admissions in the principal action where the third-party complaint, considered as a whole, was a conditional pleading; to treat such third-party pleadings as admissions would defeat the intent of the court rules to permit the pleading of inconsistent claims and to encourage joinder of claims (GCR 1963, 111.9[2]).

2. EVIDENCE — RULES OF EVIDENCE — PRIOR CASE PRECEDENT.

The provisions of the Michigan Rules of Evidence control when

there exists a conflict between prior case law and the provisions of the Michigan Rules of Evidence.

3. WITNESSES — EXPERT WITNESSES — FACTS NOT IN EVIDENCE — RULES OF EVIDENCE.

An expert witness need not rely only upon facts already admitted into evidence nor state the facts relied upon, unless required by the trial court, before expressing his opinion; any inadequacy of the facts or data relied upon by the expert witness may be disclosed by cross-examination of the expert witness (MRE 703, 705).

4. WITNESSES — EXPERT WITNESSES — FOUNDATION — RULES OF EVIDENCE.

Expert testimony may be received into evidence not only where such testimony is necessary for the determination of the trier of fact but also where such testimony will assist the trier of fact; the question of whether expert testimony will assist the trier of fact is addressed to the discretion of the trial court (MRE 702).

5. EVIDENCE — NEWSPAPERS — AUTHENTICITY — RULES OF EVIDENCE.

It is not necessary to produce extrinsic evidence of authenticity of the printed materials purporting to be newspapers or periodicals as a condition precedent to the admission of a newspaper or periodical into evidence (MRE 902[6]).

6. WITNESSES — EXPERT WITNESSES — PUBLICATIONS — RULES OF EVIDENCE.

Learned publications relied upon by an expert witness may be admitted into evidence for impeachment purposes (MRE 707).

*Kelman, Loria, Downing, Schneider & Simpson,* for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *Robert S. Krause* and *Richard A. Glaser),* for defendant.

Before: BRONSON, P.J., and D. E. HOLBROOK, JR., and R. M. RANSOM,* JJ.

R. M. RANSOM, J. This is an action for personal

---

* Circuit judge, sitting on the Court of Appeals by assignment.

injuries commenced by plaintiff, Hope Slocum, and her husband, Ray Slocum, against Ford Motor Company and Spiker Ford, Inc. Plaintiffs' complaint alleged that Hope Slocum was injured in an accident which occurred when the automobile in which she was a passenger went out of control and rolled over due to a defective tire. The automobile involved, manufactured by Ford Motor Company and sold by Spiker Ford, Inc., was equipped with tires manufactured by Uniroyal, Inc. At the time of the accident the car had been driven approximately 2,500 miles. Plaintiffs sought recovery based on theories of breach of warranty and negligence.

Defendant Ford Motor Company filed a third-party complaint against Uniroyal, Inc., seeking indemnification in the event plaintiffs obtained judgment against Ford Motor Company.

The critical factual issue at trial of this case turned on the cause of the vehicle's going out of control. All parties produced testimony of expert witnesses.

Jury trial resulted in a verdict of no cause of action.

Plaintiffs raise, on appeal, an issue of first impression to this jurisdiction as well as issues of interpretation of Michigan Rules of Evidence.

## ISSUES

I. May allegations made in a third-party complaint which are inconsistent with the pleader's defense in the principal action be used as admissions?

II. Did the trial court err in permitting defendant Ford Motor Company's expert witness to

express an opinion based upon facts not in evidence?

III. Does the foundation for expert opinion testimony require the offeror to establish that said opinion is "necessary" to enable the triers of fact to make appropriate determinations?

IV. Did the trial court err in admitting into evidence a copy of a newspaper article relied upon by plaintiffs' expert for the purpose of impeachment and without extrinsic evidence of authenticity?

## DISCUSSION

### Issue I

During the course of trial, plaintiffs' attorney read certain allegations contained in the third-party complaint as admissions against Ford Motor Company. An objection was made by defense counsel when the following paragraph of the third-party complaint was offered:

"That the accident of which plaintiffs complain was the, or a, result of third-party defendant, Uniroyal's breaches of the aforementioned expressed and implied warranties in several particular respects, including but not limited to the failure of said tires to properly adhere to the wheels to which they were mounted after only approximately 2,500 miles of use, and the *defective nature of the tires* due to their inability to withstand normal use as more fully alleged in plaintiffs' complaint." (Emphasis added.)

While noting that the allegations in the third-party complaint were affirmative and not conditional, the court did not permit plaintiffs to place Ford's allegation of defectiveness before the jury. The court ruled Ford's posture in the initial action

was to deny the tires were defective and the third-party complaint, considered as a whole, was a conditional pleading, not an admission. The court stated Ford was "only alleging what is necessary to state a cause of action against the third-party defendant".

The trial court also ruled, pursuant to MRE 403, that said allegations should be excluded because the probative value was outweighed by the prejudicial effect.

Plaintiffs contend that the trial court's refusal to allow the allegations to be read to the jury requires reversal. We disagree.

GCR 1963, 604 (originally GCR 1963, 606; renumbered March 1, 1978) provides:

"Any statement of fact set forth in any pleading shall be treated as an admission by the pleader and need not be provided by the opposite party."

Additionally, statements contained within pleadings are not considered hearsay. MRE 801(d)(2).

Accordingly, admissions of fact appearing in pleadings may be used as admissions. *Cady v Doxtator,* 193 Mich 170; 159 NW 151 (1916), *Freeman v Meijer, Inc,* 95 Mich App 475; 291 NW2d 87 (1980).

However, GCR 1963, 111.9(2) provides:

"Inconsistent claims or defenses are not objectionable, and when a party is in doubt as to which of 2 or more statements of fact is true, he may allege them in the alternative. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based upon legal or equitable grounds or upon both."

This court rule has been interpreted to allow a

pleading party to assert inconsistent claims without the assertion of one claim estopping the party from asserting the other. *Barron v Edwards,* 45 Mich App 210; 206 NW2d 508 (1973).

The interplay of these rules in the context of a third-party complaint poses an issue of first impression in this jurisdiction. The issue, however, has been considered in federal courts in interpreting the Federal Rules of Civil Procedure. GCR 1963, 111.9(2) is comparable to FR Civ P 8(e)(2).[1]

In *Continental Ins Co of New York v Sherman,* 439 F2d 1294, 1298 (CA 5, 1971), the defendant had filed a cross-claim against a third-party defendant and plaintiff introduced a portion of that cross-claim in the principal action against the defendant. The court reversed a jury verdict returned in plaintiff's favor, stating:

"As a general rule the pleading of a party made in another action, as well as pleadings in the same action which have been superseded by amendment, withdrawn or dismissed, are admissible as admissions of the pleading party to the facts alleged therein, assuming of course that the usual tests of relevancy are met. * * * Strictly applied, however, this rule would place a litigant at his peril in exercising the liberal pleading and joinder provisions of the Federal Rules of Procedure in that inconsistent pleadings under Rule 8(e)(2) could be used, in the proper circumstances, as admissions negating each other and the allegations in third-party complaints and cross-claims seeking recovery over in the event of liability in the principal action could be used in that action as admissions establishing liability. Thus, as a necessary exception to the general rule, there is ample authority that one of two inconsistent pleas

[1] "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. * * * A party may also state as many separate claims or defenses as he has regardless of consistency * * *."

cannot be used as evidence in the trial of the other. * * * McCormick, Evidence, § 242, pp 509-510 (1954) * * *."

See also *Douglas Equipment, Inc v Mack Trucks, Inc,* 471 F2d 222 (CA 7, 1972), *City of Kingsport, Tennessee v Steel & Roof Structure, Inc,* 500 F2d 617 (CA 6, 1974).

We find the *Sherman* court's reasoning persuasive and conclude the trial court correctly ruled that plaintiffs could not use defendant Ford's third-party allegation as an admission. While the allegations appearing in defendant Ford's third-party complaint were not stated in the alternative, the very nature of defendant Ford's third-party complaint was contingent upon the jury first finding defendant liable in the initial action. A party wishing to make alternative or contingent claims should not be placed in the perilous situation of either foregoing one claim or having one claim used against another as an admission.

Further, we agree with the trial court's determination that the allegation of defectiveness in defendant Ford's third-party complaint, even if relevant, should not have been admitted since its probative value was substantially outweighed by the prejudice to defendant. MRE 403.

Exclusion of evidence as being overly prejudicial is within the trial court's discretion. The trial court's determination will not be reversed absent an abuse of discretion. *Aetna Life Ins Co v Brooks,* 96 Mich App 310; 292 NW2d 532 (1980).

We find no abuse of discretion in the case at bar. If the trial court had allowed plaintiffs to use the allegations appearing in the third-party complaint, defendant Ford Motor Company would have been left virtually without its defense, a manufacturer of a motor vehicle being liable for damages caused

by component parts which are defective, even if those parts are supplied by another manufacturer. *Comstock v General Motors Corp,* 358 Mich 163; 99 NW2d 627 (1959).

### Issues II and III

Defendant Ford Motor Company called John Sheehan as an accident reconstruction expert. Mr. Sheehan had reviewed pertinent documentary evidence including depositions taken prior to trial. Based upon that review, he performed an accident reconstruction analysis and expressed his opinion as to how the accident occurred.

Plaintiffs contend admission of Mr. Sheehan's expert testimony was error because (1) it was based upon facts allegedly not in evidence, therefore lacking proper foundation, and (2) the case did not invoke subject matter necessitating expert analysis. In both instances, plaintiffs rely upon cases involving evidentiary questions that predate the Michigan Rules of Evidence. Michigan Rules of Evidence, effective March 1, 1978, govern proceedings in state courts after that date and supersede prior rules pertaining to the admissibility of evidence. January 5, 1978, order of the Michigan Supreme Court adopting the Michigan Rules of Evidence, 402 Mich lxxxviii; MRE 101.

Plaintiff relies upon *O'Dowd v Linehan,* 385 Mich 491, 509-510; 189 NW2d 333 (1971), in contending that an expert opinion must be based upon facts of record.

The Michigan Rules of Evidence, which were in effect at the time of trial, do not mandate that an expert's opinion be based on facts of record. MRE 703 provides:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those

perceived by or made known to him at or before the hearing. The court may require that underlying facts or data essential to an opinion or inference be in evidence."

See, *Tiffany v Christman Co,* 93 Mich App 267, 279-280; 287 NW2d 199 (1979).

The court determined there was proper foundation for the expert's opinion based upon facts in evidence. Assuming *arguendo* that Mr. Sheehan's testimony was based on facts not in evidence, plaintiffs had the burden to expose the inadequacies on cross-examination. MRE 705 provides:

"The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination."

See, also, *Grewe v Mount Clemens General Hospital,* 404 Mich 240, 258; 273 NW2d 429 (1978).

Plaintiffs also contend the expert testimony was improperly received because this case did not involve subject matter necessitating expert analysis, relying on *People v Zimmerman,* 385 Mich 417, 424; 189 NW2d 259 (1971). This argument embraces a "necessity" test for the admissibility of expert testimony which was advocated by three justices in the *Zimmerman* opinion.[2]

MRE 702 clarified any uncertainty which may have existed in this regard. MRE 702 provides:

"If the court determines that recognized scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine

[2] With respect to a "necessity" versus a "value" test, the *Zimmerman* Court was divided 3-3-1.

a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Pursuant to MRE 702, expert testimony may be received not only if "needed" or "necessary" but also when it will "assist" the trier of fact.

Expert testimony was appropriate to assist the trier of fact in the case at bar.

With regard to plaintiffs' contentions that the trial court erred in receiving Mr. Sheehan's testimony, we note the admissibility of expert testimony is a matter within the trial court's discretion. *People v Hernandez,* 84 Mich App 1; 269 NW2d 322 (1978), *lv den* 406 Mich 909 (1979). No abuse of discretion is shown here.

## Issue IV

Lastly, we address plaintiffs' contention that the trial court committed reversible error in admitting defendants' exhibit 17, a photostatic copy of a three-page article from the January 7, 1979, *Akron Beacon Journal.* Prior to the admission of this exhibit, plaintiffs introduced the deposition testimony of their expert, O. Edward Kurt. Mr. Kurt expressed his opinion that the accident was the result of a "typical steel-belted radial tire not continuing to seal airtight on the rim". He stated his opinion was based upon reports in trade literature; specifically, a publication in three pages of the *Akron Beacon Journal* of "January 7" pertaining to Firestone steel-belted "500 series" radial tires.

Defense counsel moved to admit into evidence a photostatic copy of a three-page article from the January 7, 1979, *Akron Beacon Journal.* Plaintiffs objected on the basis that it was not authenticated

and constituted improper impeachment. The trial court admitted the exhibit for the limited purpose of showing that what Mr. Kurt reported the article to say, in fact, was not said. On appeal, plaintiffs renew their argument that the exhibit was not properly authenticated and constituted improper impeachment.

MRE 902(6) provides:

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

*  *  *

"(6) *Newspapers and periodicals.* Printed materials purporting to be newspapers or periodicals."

Plaintiffs' contention that the exhibit was not properly authenticated is without merit. Plaintiffs' assertion that there was no showing that the exhibit admitted was the actual article mentioned by Mr. Kurt has no support on the record.

Plaintiffs contend use of the article constituted improper cross-examination as well as improper impeachment because it was not shown to Mr. Kurt nor was he given an opportunity to explain it, contrary to MRE 613. We disagree.

No cross-examination occurred here, nor was there a prior inconsistent statement offered. We differentiate between admission of an article relied upon by the witness and cross-examining the witness.

The Michigan Supreme Court in *Detroit v Porath,* 271 Mich 42, 59; 260 NW 114 (1935), stated:

"Where a witness on direct examination seeks to bolster up his testimony by referring to the standard textbooks and authorities, then such textbooks and authorities which are referred to by the witness to

bolster up his testimony may be produced and introduced for the purpose of disputing the testimony of the witness, to affect his credibility, and to enable the jury to see the book did not contain what the witness ascribed to it."

The fact that Mr. Kurt was not there to explain the inconsistency is not dispositive, since it was the plaintiffs who elected to rely upon Mr. Kurt's deposition.

To preclude defendant from admitting the article Mr. Kurt admittedly relied upon would be patently unfair on the facts of this case. It would have shielded Mr. Kurt's expert testimony in such a way as to defeat the fact-finding purpose of trial. Fundamental fairness dictates that the opposing party may admit, for impeachment purposes, the literature relied upon by an expert in forming his or her opinion. See MRE 707.

## CONCLUSION

We find no error in the trial court's rulings. The remaining issues raised by the parties are moot or without merit. The judgment of the lower court is affirmed.