IN THE MATTER OF THE ESTATE OF FROST

GEST v FROST

Docket No. 65743. Submitted August 1, 1983, at Grand Rapids.—
Decided November 21, 1983. Leave to appeal applied for.

Warren Bert Frost died in 1981 and his personal representative,
Jerry Lee Frost, filed a petition in the Van Buren County
Probate Court to commence probate proceedings. Appellant,
Glenn L. Gest, filed a claim against the estate, claiming that he
and the decedent had entered into a written sales agreement
whereby Gest was to remove all timber of a specific size from a
parcel of land owned by the decedent and that the decedent
had breached the agreement by allowing others to remove
timber from the land. The probate court, Frank D. Willis, J.,
dismissed Gest's claim, holding that the term "all" was not a
quantity term and that, lacking a quantity term, the agreement
was unenforceable pursuant to the Uniform Commercial Code's
statute of frauds provision. The court also held that a quantity
term could not be supplied by parol evidence. Gest appealed.
*Held:*

1. The term "all", describing the number of trees to be
removed, is a quantity term which is sufficient to remove the
agreement from the Uniform Commercial Code's statute of
frauds provision. The fact that the writing describing the
agreement is otherwise ambiguous does not render the agree-
ment unenforceable. Where a writing contains a quantity term
which is not precisely stated, parol evidence is admissible to
show the intention of the parties.

2. The writing failed to describe from which of several
parcels of land owned by the decedent the trees were to be
removed. However, because the writing met the basic require-
ments of the Uniform Commercial Code, additional evidence

REFERENCES FOR POINTS IN HEADNOTES

[1] 67 Am Jur 2d, Sales § 332.
    Construction and effect of UCC Art 2, dealing with sales. 17 ALR3d
    1010.
[2, 3] 67 Am Jur 2d, Sales §§ 163, 200.
[4] 67 Am Jur 2d, Sales §§ 144, 146, 147.

may be offered to explain or complete the terms of the agreement. The probate court erred in holding that parol evidence was not admissible to ascertain the intent of the parties.

Reversed and remanded.

1. SALES — QUANTITY OF GOODS — UNIFORM COMMERCIAL CODE.

A written sales agreement subject to the Uniform Commercial Code must contain a term specifying the quantity of goods sold (MCL 440.2201; MSA 19.2201).

2. SALES — QUANTITY OF GOODS — PAROL EVIDENCE.

A quantity term appearing in a written sales agreement may be explained or supplemented by parol evidence (MCL 440.2202; MSA 19.2202).

3. SALES — QUANTITY OF GOODS — UNIFORM COMMERCIAL CODE.

The use in a timber cutting agreement of the term "all" to describe the timber to be cut from the seller's land is a sufficient quantity term to allow enforcement of the agreement under the provisions of the Uniform Commercial Code.

4. SALES — PAROL EVIDENCE — INTENT OF PARTIES.

Terms of a sales contract intended by the parties to be a final expression of their agreement as set forth in the written contract may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but they may be explained or supplemented by parol evidence regarding a course of dealing, usage of trade or course of performance or evidence of consistent additional terms unless the court finds the writing to have been intended as a complete and exclusive statement of the terms of the agreement (MCL 440.2202; MSA 19.2202).

*Vlachos, Jerkins & Hurley* (by *James E. Vander Roest),* for appellant.

*Ryan, Jamieson & Hubbell, P.C.* (by *Frederick R. Hubbell),* for appellee.

Before: V. J. BRENNAN, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

SHEPHERD, J. Appellant appeals as of right from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the probate court's denial of his claim against the estate of Warren Bert Frost.

## FACTS

Mr. Frost died on February 2, 1981. On February 19, 1981, appellee Jerry Lee Frost filed a petition to commence probate proceedings. Appellant filed his claim against the estate on March 23, 1981, alleging that he and decedent had entered into a written agreement on October 25, 1979, whereby appellant was to remove all specified timber from a parcel of land owned by decedent. Decedent, it was alleged, had subsequently breached the agreement by allowing others to remove timber from that land. Attached to appellant's claim was a copy of the agreement which read as follows:

"Glenn L. Gest                                    10/25/79
"Sold all trees for $4.00 per rick. 16″ dimensions 8 feet [crossed out word] high, 4 feet long. Does not cut anything that will log out 16 feet long and 12 inches on top end. Take all wood sawable. Bunch brush burnable.
"Owner Warren Frost                        [signature]
· G. L. Gest                        [signature] Buyer"
(Original spelling corrected.)

At the January 28, 1982, hearing on appellant's claim, appellee raised the statute of frauds as a defense, arguing that the writing was insufficient to support appellant's claim of a contract because it failed to include a quantity term. The probate court rejected appellant's argument that the word "all" was a quantity term and held that the agreement was unenforceable under the statute of frauds provision of the Uniform Commercial Code, MCL 440.2201(1); MSA 19.2201(1). The court held

that a quantity term could not be supplied by parol evidence and, since decedent had owned several parcels of land, the court would not guess at which one had been referred to in the contract. Appellant's claim was dismissed.

## Quantity Term

Both parties have conceded that the agreement in question falls within the Uniform Commercial Code, MCL 440.2170; MSA 19.2107. The agreement apparently anticipated a sale for at least $500 since both parties also agree that MCL 440.2201; MSA 19.2201 applies. Section 2201 provides that such a contract is not enforceable unless "there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought * * *. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing." The Official Comment to this provision states that the purpose of the writing requirement is to "afford a basis for believing that the offered oral evidence rests on a real transaction". The only term which must appear in the agreement is the quantity term. The requirement that the contract include a quantity term was adopted by this Court in *West Central Packing, Inc v A F Murch Co,* 109 Mich App 493, 500-501; 311 NW2d 404 (1981), and *Ace Concrete Products Co v Rogers Construction Co,* 69 Mich App 610; 245 NW2d 353 (1976).

In *Ace Concrete,* this Court held that parol evidence could not be offered to supply a missing quantity term. Instead, stated the Court, the quantity term must appear in the writing. *Ace Con-*

*crete, supra,* pp 614-615. In the instant case, however, appellant argues that the quantity term does appear in the written agreement as the word "all" which describes the number of trees which may be taken by appellant. Once a quantity term appears in the writing, it may be explained or supplemented by parol evidence. MCL 440.2202; MSA 19.2202.

While there is not Michigan case law precisely on point, we are in agreement with appellant that the requisite quantity term was supplied by the written agreement in the instant case. In *Port City Construction Co, Inc v Henderson,* 48 Ala App 639; 266 So 2d 896 (1972), the Court of Civil Appeals of Alabama, applying the Uniform Commercial Code, found an agreement to supply "all concrete" for a "slab" which was not further defined in the writing to contain a sufficient quantity term. While agreeing that, if the writing contained all of the terms agreed upon by the parties, parol evidence of additional terms would not be allowed, the Court found that the writing was not clear and certain in all of its terms. Although the specific quantity was not included, the Court found the term "all the concrete for slab" to be a requirement quantity sufficient to "satisfy the statute when it may be made certain by parol evidence of the surrounding circumstances. The slab referred to was capable of being identified with reasonable certainty as was the location and dimensions." *Port City, supra,* p 644. Although the agreement in the instant case was not a requirements contract, it may arguably be analogized to an output contract, MCL 440.2306; MSA 19.2306, which may also include the term "all" as a valid term. See *McNussen v Graybeal,* 146 Mont 173; 405 P2d 447 (1965).

We concede that the parties' failure to describe the parcel of land upon which the trees to be cut were located lends ambiguity to the agreement. The agreement is unenforceable, however, only where no quantity term at all appears. As the Washington Court of Appeals stated in *Alaska Independent Fishermen's Marketing Ass'n v New England Fish Co,* 15 Wash App 154, 159-160; 548 P2d 348 (1976), citing its earlier opinion in *Hankins v American Pacific Sales Corp,* 7 Wash App 316; 499 P2d 214 (1972):

" 'When quantity is not precisely stated, parol evidence is admissible to show what the parties intended as the exact quantity,' * * * but where the writing relied upon to form the contract of sale is totally silent as to quantity, parol evidence cannot be used to supply the missing quantity term." (Citations omitted.)

Once a quantity term is found to exist in the agreement, the agreement need not fail because the quantity term is not precise. As § 2201(1) itself says: "A writing is not insufficient because it omits or incorrectly states a term agreed upon * * *". As has been stated, the purpose of the required writing is to provide a basis for believing that oral evidence which is offered rests upon a real transaction. Once this purpose has been satisfied, *i.e.,* the requirements of § 2201 have been fulfilled, the question to be resolved is whether parol evidence may be admitted in order to make the agreement sufficiently definite to be enforceable.

## Parol Evidence

MCL 440.2204; MSA 19.2204 provides that "[e]ven though one or more terms are left open a contract for sale does not fail for indefiniteness if

the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy". This reflects the commercial code policy of authorizing courts to fill in gaps in sales agreements. *J W Knapp Co v Sinas,* 19 Mich App 427, 431; 172 NW2d 867 (1969).

Parol evidence may be admissible under MCL 440.2202; MSA 19.2202, which provides that terms intended by the parties to be a final expression of their agreement as they are set forth in a writing may not be contradicted "by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented" by course of dealing, usage of trade or course of performance and by evidence of "consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement".

It is apparent from a reading of these two sections that once the basic requirements of § 2201 are met, additional evidence may be offered to explain or complete the writing. In the instant case, however, the probate court ruled that, because the writing failed to describe the land on which the trees were located, the agreement did not state an ascertainable quantity. Citing *Ace Concrete, supra,* p 615, the court determined that appellant could not introduce evidence to further clarify the writing, as that would be violative of the parol evidence rule.[1]

---

[1] Although the probate judge was presumably referring to § 2202, strictly speaking the common-law parol evidence rule would not prohibit extrinsic evidence to show the intent of the parties in the present case. That rule prohibits only the contradiction of an integrated writing and "protects a completely integrated writing from being varied and contradicted by parol". 3 Corbin, Contracts, § 575, p 381. Extrinsic evidence is admissible to show that the writing is not complete. Cited approvingly at Corbin, *supra,* § 582, p 451, is *Yezbak v Croce,* 370 Pa 263, 266; 88 A2d 80 (1952) which stated: "The parol evidence rule is based on the assumption that the written contract

If the instant case involved the same facts as were presented in *Ace Concrete,* we would be compelled to agree with the probate court's ruling. The writing considered in *Ace Concrete,* however (a confirmation of an oral agreement between the parties), is distinguishable from the instant case because the *Ace Concrete* writing contained no quantity term at all. Since that writing was totally silent as to a term required by § 2201, parol evidence could not be admitted to explain or supplement the parties' agreement.[2] See *Alaska Independent Fishermen's Marketing Ass'n, supra,* p 160; 2 Williston, Sales (4th ed), § 14-7(6), p 238. Where the quantity term is included in the writing, however, other omitted items may be shown by parol evidence. Williston, *supra,* p 238. Such evidence should have been admissible in the instant case since it is clear from the face of the writing itself that it was not intended to be a "complete and exclusive statement of the terms of the agreement". MCL 440.2202(b); MSA 19.2202(b).

---

contains the full and exact agreement of the parties but where admittedly it does not, the reason for the rule ceases."

In the instant case, it is clear from the face of the writing that it did not contain the complete agreement as assented to by the parties.

Under the parol evidence rule, parties may introduce evidence not intended to contradict an integrated writing. "Since the rule is supported by the public policy of preventing frauds and perjuries by limiting evidence of facts that contradict a valid contract, the rule does not apply to prevent proof" of one or more of the terms of the contract. Corbin, Contracts, 1982 Supplement, § 572C, p 513.

[2] It should be noted here that, even given the writing's total silence as to quantity, at least one commentator has criticized this Court's holding in *Ace Concrete Products Co v Rogers Construction Co,* 69 Mich App 610; 245 NW2d 353 (1976). In Williston, Sales (4th ed), Cumulative Supplement, § 14-7, p 31, it was suggested that § 2201(1) has no requirement that there be a quantity term, but simply provides that the contract will not be enforced beyond the quantity of goods shown in the writing. Since requirements contracts governed by § 2306 of the Uniform Commercial Code could often not specify a quantity with mathematical exactness yet are still enforceable contracts, the writing in *Ace Concrete* should not have been deemed insufficient and the quantity term should have been provable by parol.

Section 2202 "makes admissible evidence of course of dealing, usage of trade and course of performance to explain or supplement the terms of any writing stating the agreement of the parties in order that the true understanding of the parties as to the agreement may be reached". Official Uniform Commercial Code Comment following MCL 440.2202; MSA 19.2202.

Appellant claims on appeal to have evidence showing that he had partially removed the trees referred to in the writing on a particular parcel of land, pursuant to the agreement, prior to the decedent's breach of their contract. This would be evidence of course of performance (see MCL 440.2208; MSA 19.2208), and therefore admissible as parol evidence under MCL 440.2202(a); MSA 19.2202(a). Such evidence is particularly relevant for, as the Official Comment to § 2202 states, "the course of actual performance by the parties is considered the best indication of what they intended the writing to mean".

Parol evidence consisting of the descriptions of the various parcels of land owned by decedent at the time the writing was made may also be helpful. It is possible that much of the land owned by decedent was unsuited to the harvesting of timber, thus further clarifying the terms of the agreement. We do not limit here, however, the types of parol evidence which may be offered on remand. That evidence shall be whatever is relevant and helpful in proving the intent of the parties to the contract, subject to the probate court's discretion as regards applicable rules of evidence.

### Conclusion

The probate court erred in finding that no quantity term appeared in the writing evidencing the

agreement between appellant and the decedent. The term "all" referred to a quantity and was sufficient to meet the requirements of MCL 440.2201; MSA 19.2201. Since additional evidence was required to explain the quantity term, however, parol evidence should have been admitted. MCL 440.2202; MSA 19.2202.

Reversed and remanded. Costs to abide the final outcome.