WOJCIECHOWSKI v GENERAL MOTORS CORPORATION

Docket No. 82940. Submitted February 11, 1986, at Detroit. Decided May 5, 1986. Leave to appeal applied for.

Plaintiff, Harry Wojciechowski, applied for workers' compensation benefits claiming occupational disability from injuries to his knees and lungs as a result of his employment with defendant, General Motors Corporation. A hearing officer awarded plaintiff weekly benefits in the amount of $132. On appeal, the Workers' Compensation Appeal Board reversed the hearing officer's award of benefits. Plaintiff appealed and defendant cross-appealed. *Held:*

1. The WCAB did not err in reversing the hearing officer's ruling which excluded the deposition testimony of Dr. Day. The admission into evidence of Dr. Day's deposition testimony would not have abridged plaintiff's right to effective cross-examination on the basis that Dr. Day did not have his handwritten notes at the time of his deposition. Defendant offered to continue the deposition to allow plaintiff to examine the notes but plaintiff declined, and plaintiff extensively cross-examined Dr. Day as to his report and findings.

2. The WCAB erred in finding that the hearing officer abused his discretion in excluding Dr. Larkin's deposition testimony, which was taken less than ten days before the hearing date. The hearing officer could not have abused his discretion by requiring strict compliance with 1979 AC, R 408.40(f)(ii), which requires that a defendant shall schedule and take depositions not less than ten days before the hearing date.

3. Defendant's claim that 1979 AC, R 408.40(f) as applied violates its rights to due process of law was not supported with

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 455-458.

Admissibility of opinion evidence as to employability on issue of disability in health and accident insurance and workers' compensation cases. 89 ALR3d 783.

Modern status of rules regarding use of hypothetical questions in eliciting opinion of expert witness. 56 ALR3d 300.

Admissibility of opinion of medical expert as affected by his having heard the person in question give the history of the case. 51 ALR2d 1051, supplementing 65 ALR 1217.

citations to any authority. The Court therefore did not review the claim.

4. Plaintiff was not prejudiced by defendant's attempt to elicit the live testimony of two expert witnesses at the hearing, since the hearing officer properly excluded their testimony on the basis that timely notice as required by 1979 AC, R 408.40(f)(iv) was lacking.

5. Plaintiff properly filed the depositions of two expert witnesses who testified that his health problems were related to his employment. The depositions were in the possession of the hearing officer prior to the hearing as required by 1979 AC, R 408.40(a)(iii) and the stenographer certified that the witnesses were sworn and that each deposition was a true record of the testimony given by the witness as required by GCR 1963, 306.6(1).

6. The WCAB, in its opinion, improperly referred to the hearing officer's exclusion of evidence of plaintiff's records with the Michigan Employment Security Commission. MCL 421.11(b) expressly provides that MESC records shall not be used in any action or proceeding before any court or administrative tribunal unless the MESC is a party to the action or proceeding.

7. The hearing officer did not err in refusing to receive into evidence the medical record regarding plaintiff belonging to plaintiff's treating physician. The physician did not submit a sworn certificate verifying that the record was a true and complete reproduction of the original as required by GCR 1963, 506.7(2).

8. The WCAB's holding that it could consider all of the evidence, regardless of whether some of it was properly excluded by the hearing officer because the parties argued in the alternative that even if the excluded evidence were admitted their respective positions would still prevail, constituted error requiring reversal. A party wishing to make alternative contingent claims should not be placed in the perilous situation of either foregoing one claim or having one claim used against another as an admission.

9. The presumption of no loss of wage-earning capacity upon a claimant's receipt of nondisability retirement benefits embodied in MCL 418.373 retroactively applies to this case, which arose before the statute's effective date. On remand, the presumption will operate to the benefit of defendant.

10. The parties wrongly assumed that the hearing officer based his finding that plaintiff's wife was dependent upon plaintiff on the conclusive presumption of dependency con-

tained in MCL 418.331(1). That statutory presumption, which has since been declared to be unconstitutional, only applied where a claimant was deceased. There was no evidence in the record to suggest that plaintiff was deceased.

11. The Supreme Court has held that an employer may coordinate workers' compensation benefits with other retirement benefits that became payable after the March 31, 1982, effective date of the Workers' Disability Compensation Act. Thus, if plaintiff is found to be disabled on remand, defendant may only offset pension benefits that became payable to plaintiff after March 31, 1982.

12. If plaintiff wins an award on remand, the award should bear interest at the rate of ten percent as provided by MCL 418.801(6).

Remanded to the WCAB for further proceedings; on remand, the WCAB shall reconsider the hearing officer's findings and may not consider evidence which the Court of Appeals concluded was properly excluded by the hearing officer. The Court of Appeals retained jurisdiction solely on the issue of expeditious disposition and set a time limit of sixty days for compliance with its opinion.

1. WORKERS' COMPENSATION — HEARINGS — EVIDENCE — EXPERT
   WITNESSES — RIGHT TO CROSS-EXAMINATION.

   A workers' compensation hearing officer does not abridge a worker's right to cross-examine an expert medical witness by admitting into evidence the deposition testimony of the expert witness who testified, without the aid of his handwritten notes, regarding the worker's condition, where the employer offered to continue the deposition so that plaintiff could view the handwritten notes but the worker declined and the plaintiff extensively cross-examined the expert witness on his report and findings (1979 AC, R 408.40f).

2. WORKERS' COMPENSATION — HEARINGS — EVIDENCE — EXPERT
   WITNESSES — DEPOSITIONS.

   The deposition testimony of an expert witness offered by an employer when taken less than ten days before the date of a workers' compensation hearing is not admissible into evidence at the hearing (1979 AC, R 408.40f[a][ii]).

3. APPEAL — PRESERVING QUESTION.

   A statement of position without a supporting citation is insufficient to bring an issue before the Court of Appeals; a party should not leave it to the Court of Appeals to search for authority to sustain or reject its position.

4. ADMINISTRATIVE LAW — EVIDENCE — MICHIGAN EMPLOYMENT SE-
CURITY COMMISSION — RECORDS.

Records of the Michigan Employment Security Commission shall
not be used in any action or proceeding before any court or
administrative tribunal unless the Michigan Employment Secu-
rity Commission is a party to the action or proceeding (MCL
421.11[b]; MSA 17.511[b]).

5. STATUTES — REMEDIES — RETROACTIVITY — AMENDMENT.

Statutes which operate in furtherance of a remedy or mode of
procedure and which neither create new rights nor destroy,
enlarge or diminish existing rights will generally be held to
operate retrospectively unless a contrary legislative intention is
manifested.

6. EVIDENCE — PRESUMPTIONS — BURDEN OF PROOF.

The function of a presumption is solely to place the burden of
producing evidence on the opposing party; it is a procedural
device which allows a person relying on the presumption to
avoid a directed verdict, and it permits that person a directed
verdict if the opposing party fails to introduce evidence rebut-
ting the presumption.

7. WORKERS' COMPENSATION — COORDINATION OF BENEFITS.

Section 354 of the Workers' Disability Compensation Act may be
applied to offset workers' compensation liability to workers
injured prior to its effective date; an employer may reduce the
amount of workers' compensation benefits payable after March
31, 1982, for periods of disability after that date by deducting
other employer-financed benefits such as pension benefits which
are being received by an injured worker and are attributable to
the same compensable periods after March 31, 1982 (MCL
418.354; MSA 17.237[354]).

8. WORKERS' COMPENSATION — INTEREST.

Where an employer pays compensation on or after July 30, 1985,
pursuant to an award, interest on the award shall be paid at ten
percent from the date each payment was due (MCL 418.801[6];
MSA 17.237[801]).

*Bockoff & Zamler, P.C.* (by *Daryl Royal*), for
plaintiff.

*Evans & Nelson, P.C.* (by *John J. Hays*), and
*Willard W. Wallace,* for defendant.

Before: MACKENZIE, P.J., and CYNAR and G. T. MARTIN,* JJ.

G. T. MARTIN, J. Plaintiff applied for workers' compensation benefits, claiming occupational disability to his knees and lungs as a result of his employment with defendant, General Motors Corporation. Specifically, plaintiff alleged that the disabilities were sustained as a result of exposure to atmospheric pollutants and excessive standing, climbing and kneeling. Following proceedings before a hearing officer in March and April of 1980, plaintiff was awarded weekly workers' compensation benefits in the amount of $132. On appeal, the Workers' Compensation Appeal Board reversed the award and denied plaintiff benefits. Subsequent to this determination, cross appeals were filed by each party.

I

On appeal, both parties contest various evidentiary and procedural decisions made at the hearings below. First, plaintiff contends that the WCAB erred in holding that plaintiff's rights to cross-examination would not have been abridged had the hearing officer admitted the deposition testimony of Dr. Jay Claude Day, one of defendant's expert medical witnesses, even though Dr. Day did not have his handwritten notes at the time of the deposition. Dr. Day testified at the deposition that plaintiff's extrinsic asthma was not related to his employment and, further, that plaintiff was not disabled as a result of his pulmonary disease. However, because Dr. Day possessed only his report and some x-rays at the time of his deposition,

* Retired circuit judge, sitting on the Court of Appeals by assignment.

and did not possess his handwritten notes, the hearing officer excluded his deposition testimony on the basis that the absence of the notes rendered effective cross-examination impossible. We agree with the WCAB that plaintiff's right to cross-examination would not have been abridged had the deposition testimony been admitted. Both parties' attorneys were present at Dr. Day's deposition and defendant's attorney offered to continue the deposition so that plaintiff's attorney could view Dr. Day's handwritten notes. However, plaintiff's attorney declined this offer. Further, plaintiff's attorney did not seek to present Dr. Day as a witness at trial although he could have done so. See 1979 AC, R 408.40f(a)(iv) (Rule 10f[a][iv]). Plaintiff's attorney did, however, extensively cross-examine Dr. Day at the deposition regarding his report and findings. Under these circumstances, the WCAB did not err in reversing the hearing officer's ruling which excluded Dr. Day's deposition testimony. *Cooper v Chrysler Corp,* 125 Mich App 811, 818-819; 336 NW2d 877 (1983).

Plaintiff next argues that the WCAB erred in holding that the hearing officer abused his discretion in quashing the deposition testimony of Dr. Donald Larkin, another of defendant's expert witnesses. We agree. The hearing officer had ruled that the deposition had been taken within ten days before the trial date and, therefore, was inadmissable pursuant to subsection (1)(ii) of 1979 AC, R 408.40f (Rule 10f). Contrary to the WCAB's ruling, we find that the hearing officer did not abuse his discretion by requiring strict compliance with the rule. The mandatory nature of the rule is demonstrated by the inclusion of the word "shall" in its directives. When used in such a context, the term "shall" excludes the idea of discretion. *McAvoy v H B Sherman Co,* 401 Mich 419, 446-447;

258 NW2d 414 (1977), reh den 402 Mich 953 (1977). Accordingly, the WCAB erred in finding an abuse of discretion in the hearing officer's decision to exclude Dr. Larkin's deposition.

Defendant argues, however, that Rule 10f on its face and as applied violates defendant's constitutional guarantees of due process of law, as well as MCL 24.232(2); MSA 3.560(132), which states that "a rule . . . shall not discriminate in favor of or against any person . . . ." Defendant failed to support its argument with citations to any authority.

> A party may not leave it to this Court to search for authority to sustain or reject its position. A statement of position without supporting citation is insufficient to bring an issue before this Court. [*Butler v DAIIE,* 121 Mich App 727, 737; 329 NW2d 781 (1982).]

Accordingly, we choose not to review this argument.

Plaintiff also argues that defendant's attempt to elicit the live testimony of Dr. Day and Dr. Larkin at the hearing before the hearing officer was improper under Rule 10f(iv) because defendant did not give the hearing officer and plaintiff ten days notice from the initial hearing date of his intent to produce such witnesses. The hearing officer excluded the testimony on the same basis, and, therefore, we find that no prejudice was caused to plaintiff by defendant's attempt to admit it.

Defendant argues that the hearing officer erred in admitting the depositions of Dr. Howard P. Schwartz and Dr. Joseph Howard Hunt into evidence. Both of these witnesses testified that plaintiff's health problems were related to his employment. Defendant argues that the depositions were

not properly filed with the tribunal pursuant to GCR 1963, 306.6(1). Defendant's argument is unpersuasive. As was required by Rule 10f(a)(iii), the depositions were in the possession of the hearing officer prior to the hearing. Further, the stenographer certified on each deposition that the witness was duly sworn and that each deposition was a true record of the testimony given by the witness. GCR 1963, 306.6(1). Thus, we conclude that the depositions were properly filed.

Plaintiff next argues that the WCAB erred in utilizing Michigan Employment Security Commission records that had been properly excluded by the hearing officer. In its opinion, the WCAB stated:

> At his retirement interview with the defendant's adjuster, Frank C. Downs, plaintiff indicated that he had no job-related injuries and the excluded MESC records presumably are in contradiction with his claim of disability in these proceedings.

Defendant, on the other hand, responds that the WCAB did not err in referring to the MESC records in such a manner and further, that the hearing officer erred in relying on MCL 421.11(b); MSA 17.511(b) to exclude evidence of the decision of the MESC hearing referee in the MESC records.

We find persuasive plaintiff's argument that the hearing officer properly refused to admit the MESC records. MCL 421.11(b); MSA 17.511(b) expressly provides that these records "shall not be used in any action or proceeding before any court or administrative tribunal" unless the MESC is a party. Nonetheless, the WCAB, in its opinion, referred to the prior exclusion of these records and then presumed that the records were in contradiction with plaintiff's claim of disability in these proceedings. Such a presumption suggests that the board

may have relied upon evidence which was not before it. Thus, we find the board's action to be error.

It should be noted that defendant's reliance on *Sias v General Motors Corp,* 372 Mich 542; 127 NW2d 357 (1964), in support of its position on this issue is misplaced. *Sias* was decided prior to the cited statute's 1965 amendment which added the prohibition against the use of MESC records and determinations in a judicial or administrative proceeding unless the MESC is a party to the action. Thus, *Sias* is inapplicable to the resolution of the instant issue.

Finally, defendant argues that the hearing officer erred as a matter of law in excluding the medical records of plaintiff's treating physician, Dr. Hilda M. Hensel. The hearing officer had excluded the records based on the defective nature of Dr. Hensel's certificate of authenticity and completeness. Defendant argues that Dr. Hensel's certificate of authenticity and completeness is substantially the same as that set forth in the annexed exhibit to GCR 1963, 506.7(2). However, plaintiff accurately responds that the same rule requires that the copy of the medical records sought to be admitted must be accompanied by a *sworn* certificate verifying that the record is a true and complete reproduction of the original. Here, Dr. Hensel did not submit such a sworn certificate. Thus, although the form of the certificate submitted by her may have been substantially the same as that shown in the exhibit annexed to GCR 1963, 506.7(2), the hearing officer did not err in refusing to accept her medical records into evidence.

II

Plaintiff's next contention is that the WCAB

erred in holding that it could consider all of the evidence, regardless of whether some of it was properly excluded by the hearing officer, because the parties argued in the alternative that even if the excluded evidence were admitted their respective positions would still prevail. The board concluded in its opinion that its consideration of all the evidence in the record would not prejudice the parties because they had raised these alternative arguments. We agree that the board's consideration of all the evidence on this basis was error requiring reversal.

> A party wishing to make alternative or contingent claims should not be placed in the perilous situation of either foregoing one claim or having one claim used against another as an admission. [*Slocum v Ford Motor Co,* 111 Mich App 127, 134; 314 NW2d 546 (1981), lv den 414 Mich 886 (1982).]

Here, it was sound advocacy for plaintiff to argue that even if he were to lose on the evidentiary rulings, he should still prevail on the substantive issue. The WCAB erred in concluding that plaintiff would not be prejudiced by its consideration of inadmissible evidence, merely because plaintiff presented the alternative argument.

III

The next issue on appeal is whether, on remand, § 373 of the WDCA, MCL 418.373; MSA 17.237(373), which creates a presumption of no loss of wage earning capacity upon a claimant's receipt of non-disability retirement benefits, should be retroactively applied to this case, which arose before the statute's January 1, 1982, effective date.

Here, because the statute at issue did not state

its retrospective or prospective intention in clear and express language, interpretation of the statute is required. As a matter of statutory construction, statutes are presumed to operate prospectively unless the contrary intent is clearly manifested. *Franks v White Pine Copper Div,* 422 Mich 636, 670-671; 375 NW2d 715 (1985). However, an exception to this general rule is recognized where a statute is remedial or procedural in nature. *Id.,* p 672; *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480, 485; 124 NW2d 286 (1963).

> Thus, statutes which operate in furtherance of a remedy or mode of procedure and which neither create new rights nor destroy, enlarge or diminish existing rights are generally held to operate retrospectively unless a contrary legislative intention is manifested. [*Franks, supra,* p 672.]

As stated, § 373 establishes a presumption.

> [T]he function of a presumption is solely to place the burden of producing evidence on the opposing party. It is a procedural device which allows a person relying on the presumption to avoid a directed verdict, and it permits that person a directed verdict if the opposing party fails to introduce evidence rebutting the presumption. [*Widmayer v Leonard,* 422 Mich 280, 289; 373 NW2d 538 (1985).]

As such, we find that § 373 is a rule of procedure and, accordingly, applies retrospectively to this case. On remand, the presumption will operate to the benefit of the defendant.

IV

The next issue argued on appeal is whether

plaintiff has fully sustained his burden of proving that his wife was dependent upon him as of his last day of work. Without substantiation, the hearing officer found plaintiff's wife to be dependent. Because of the apparent lack of evidence in support of this finding, the parties presumed that the finding was improperly based upon the conclusive presumption of dependency contained in MCL 418.331(1); MSA 17.237(331)(1), which was struck down as unconstitutional in *Day v Foote Memorial Hospital,* 412 Mich 698; 316 NW2d 712 (1982). The parties dispute whether *Day* should be retroactively applied to the instant case. We find this issue to be frivolous because MCL 418.331; MSA 17.237(331) only applied when the claimant was deceased. Plaintiff testified at the administrative hearing below and we find no evidence in the lower court's record that plaintiff has since become deceased. Thus, the parties' assumption that the hearing officer's unsubstantiated finding of dependency was based upon the conclusive presumption set forth in the cited statute is entirely unfounded.

V

Next, the parties argue whether the provisions of MCL 418.354; MSA 17.237(354), which allows the coordination of workers' compensation benefits with other retirement benefits, should apply to the instant case, which arose before the effective date of the provision. In *Franks v White Pine Copper Div, supra,* our Supreme Court held that an employer could offset those retirement benefits under the statute that became payable after the statute's effective date of March 31, 1982, notwithstanding when the injury occurred. 422 Mich 651, 664. Thus, if plaintiff is found on remand to be disabled, defendant may only offset pension benefits

that became payable to plaintiff after March 31, 1982.

## VI

Finally, defendant argues that if plaintiff wins an award on remand, the award should bear interest at the rate of ten percent. Indeed, effective July 30, 1985, the Legislature amended MCL 418.801(6); MSA 17.237(801)(b) and reduced interest on compensation awards from twelve percent to ten percent. Accordingly, where an employer pays compensation on or after July 30, 1985, pursuant to an award, interest on the award shall be paid at ten percent from the date each payment was due. See *Selk v Detroit Plastic Products (On Resubmission),* 419 Mich 32, 35; 348 NW2d 652 (1984).

Remanded to the Workers' Compensation Appeal Board for further proceedings consistent with this opinion. We order that, on remand, the Workers' Compensation Appeal Board reconsider the hearing officer's findings and in so doing, it may not consider evidence which we concluded the hearing officer properly excluded. We further set a time limit of sixty days for compliance with this opinion. We reserve jurisdiction solely on the issue of expeditious disposition. Either party may bring this aspect of our opinion to the Court's attention by motion.