STOREY v MEIJER, INC

Docket No. 89904. Submitted February 11, 1987, at Grand Rapids. Decided June 2, 1987. Leave to appeal applied for.

William F. Storey was terminated from his employment by Meijer, Inc. He applied for unemployment benefits. The Employment Security Commission Board of Review concluded that he was disqualified from benefits because of employee theft. Storey brought an action against Meijer, Inc., in the Calhoun Circuit Court, alleging wrongful termination. The court, James C. Kingsley, J., granted summary disposition for defendant on the ground that plaintiff was collaterally estopped from relitigating the issue. Plaintiff appealed.

The Court of Appeals *held:*

The doctrines of collateral estoppel and res judicata apply to administrative determinations which are adjudicatory in nature, where a method of appeal is provided, and where it is clear that it was the legislative intention to make the determination final in the absence of an appeal. A factual determination of the Employment Security Commission is entitled to the application of res judicata and collateral estoppel.

Affirmed.

ESTOPPEL — COLLATERAL ESTOPPEL — ADMINISTRATIVE LAW.

The doctrines of collateral estoppel and res judicata apply to administrative determinations which are adjudicatory in nature, where a method of appeal is provided, and where it is clear that it was the legislative intention to make the determination final in the absence of an appeal; a factual determination of the Employment Security Commission is entitled to the application of res judicata and collateral estoppel.

*Theo P. Hentchel,* for plaintiff.

*Jeffrey S. Rueble,* for defendant.

REFERENCES

Am Jur 2d, Administrative Law §§ 483, 496 *et seq.*; 657.

Am Jur 2d, Judgments § 455.

See the annotations in the Index to Annotations under Administrative Law; Res Judicata.

Before: R. M. Maher, P.J., and Sawyer and R. L. Tahvonen,* JJ.

Sawyer, J. Plaintiff filed a complaint in the circuit court alleging that defendant wrongfully terminated his employment. The trial court granted summary disposition in favor of defendant on the grounds that collateral estoppel barred plaintiff's action. MCR 2.116(C)(7). Plaintiff now appeals and we affirm.

Plaintiff was employed by defendant for a number of years prior to his termination and was working as defendant's gas station manager at the Battle Creek store at the time of the termination. Defendant terminated plaintiff's employment for employee theft after determining that plaintiff had submitted expense account vouchers for mileage driven while in the course of employment. Plaintiff allegedly reported more miles than actually driven and reported mileage for days which plaintiff did not work. Following the termination, plaintiff applied for unemployment compensation benefits. Initially, the Michigan Employment Security Commission denied the application for benefits, finding plaintiff ineligible pursuant to MCL 421.29(1)(j); MSA 17.531(1)(j), since plaintiff had been terminated for theft. A redetermination by the MESC affirmed that decision. Plaintiff then appealed to a commission referee, who ruled in plaintiff's favor following a hearing. The referee concluded that plaintiff had made a good-faith error in judgment in not filling out the expense vouchers according to the proper procedures.

Defendant then appealed the referee's decision to the board of review. On appeal, the board of review rendered its decision and reversed the referee. The board concluded that plaintiff was dis-

* Circuit judge, sitting on the Court of Appeals by assignment.

qualified from benefits because of employee theft. Plaintiff then sought review in the circuit court, which affirmed the decision of the board of review, finding that there was competent, material and substantial evidence on the whole record to substantiate the board's finding of theft. Plaintiff thereafter sought leave to appeal to this Court, but his application for leave to appeal was denied. *Storey v Meijer, Inc,* (unpublished order, Docket No. 89250, filed June 16, 1986).

While the matter was pending before the board of review, plaintiff filed the instant wrongful termination action in the circuit court. The circuit court granted summary disposition to defendant on the grounds that the MESC's resolution of the issue of termination for cause, namely employee theft, collaterally estopped plaintiff from relitigating that issue in the circuit court. Plaintiff now appeals and we affirm.

The issue for our consideration is whether a factual determination of an administrative agency, namely the MESC, collaterally estops a party from relitigating that factual issue in a circuit court action involving the same issue. We conclude that it does.

Although this case presents a question of first impression concerning whether a determination of the MESC collaterally estops a relitigation of an issue in a subsequent circuit court action, both this Court and the Supreme Court have had the opportunity to rule on the issue of collateral estoppel as applied to a circuit court action following a determination of an administrative agency. In *Senior Accountants, Analysts & Appraisers Ass'n v Detroit,* 399 Mich 449; 249 NW2d 121 (1976), the Supreme Court considered the question of collateral estoppel in the context of a prior decision by the Michigan Employment Relations Commission.

In *Senior Accountants,* MERC had determined that the plaintiff was not entitled to back pay for an unfair labor practice. The plaintiff thereafter filed suit in the circuit court for breach of contract. The Court determined that MERC's resolution of the back pay issue collaterally estopped the plaintiffs from relitigating the issues in a subsequent circuit court action. In so holding, the Court ruled that a determination of administrative agencies does give rise to the application of the doctrines of res judicata and collateral estoppel:

> It is established law in this state that the doctrines of res judicata and collateral estoppel apply to administrative determinations which are adjudicatory in nature, where a method of appeal is provided, and where it is clear that it was the legislative intention to make the determination final in the absence of an appeal. *Roman Cleanser Co v Murphy,* 386 Mich 698, 703-704; 194 NW2d 704 (1972), reversing and adopting Judge (now Justice) LEVIN's dissent in *Roman Cleanser Co v Murphy,* 29 Mich App 155, 166-171; 185 NW2d 87 (1970). [399 Mich 457-458.]

Similarly, this Court, in *Viera v Saginaw Bd of Ed,* 91 Mich App 555; 283 NW2d 796 (1979), held that a decision of the State Tenure Commission that the plaintiff was discharged for just and reasonable cause collaterally estopped the teacher from raising the issue of just cause for termination in a subsequent circuit court action for breach of contract.

The requirements of *Senior Accountants* that the administrative determination be adjudicatory in nature, a method of appeal provided, and a legislative intent to make the determination final are met by an MESC determination of ineligibility for unemployment benefits. See *Roman Cleanser*

*Co v Murphy,* 386 Mich 698; 194 NW2d 704 (1972). Therefore, we can turn to the question of whether the requirements of collateral estoppel have been met in the case at bar. The *Senior Accountants* Court set forth the test for collateral estoppel:

> The applicable test for collateral estoppel in this case is accurately stated in § 68 of the Restatement Judgments, p 293:
>
> "Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between parties in a subsequent action on a different cause of action . . . ."
>
> See *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37, 41-42; 191 NW2d 313 (1971); *Jones v Chambers,* 353 Mich 674, 680-681; 91 NW2d 889 (1958). [399 Mich 458.]

Additionally, it is also required that the parties have a full opportunity to litigate those issues in the former action and that there be mutuality of estoppel between the parties. *Stolaruk Corp v Dep't of State Highways & Transportation,* 114 Mich App 357, 362; 319 NW2d 581 (1982).

Turning to the case at bar, we conclude that the elements of collateral estoppel have been met. First, the same issue involved in the present wrongful termination action was at issue in the unemployment compensation action, namely whether plaintiff was fired for cause, specifically employee theft. Second, the parties had a full opportunity to litigate the issue before the MESC, including a full evidentiary hearing before a referee and a review by the board of review and an appeal as of right to the circuit court. Plaintiff also had the opportunity to seek review in this Court, though this Court did decline to review the case.

Finally, there was mutuality of estoppel since defendant would have been bound by the MESC determination had it favored plaintiff. Therefore, the doctrine of collateral estoppel prevents plaintiff from relitigating the issue of just cause for termination due to employee theft in the instant action.

We also reject plaintiff's argument that MCL 421.11(b)(1); MSA 17.511(b)(1) precludes the application of collateral estoppel. That statute prohibits the use of an MESC determination in a subsequent action or proceeding before a court or administrative tribunal unless the commission is a party to, or a complainant in, that subsequent action or proceeding. However, defendant does not seek to use the MESC determination of ineligibility for unemployment benefits in the current action; rather, defendant seeks to use the MESC's finding of fact that plaintiff was discharged for employee theft.

For the above-stated reasons, we conclude that the trial court correctly applied the doctrine of collateral estoppel and was correct in granting summary disposition in favor of defendant. Because of our determination of the collateral estoppel issue, it is unnecessary to consider plaintiff's alternative argument that the trial court erred in granting summary disposition for lack of a genuine issue of material fact on the question whether plaintiff was an at-will employee or whether plaintiff could only be discharged for just cause.

Affirmed. Costs to defendant.