MOODY v WESTIN RENAISSANCE COMPANY

Docket No. 90989. Submitted June 11, 1987, at Detroit. Decided
September 9, 1987. Leave to appeal applied for.

Mary Moody, hereafter plaintiff, left her employment with Wes-
tin Renaissance Company, hereafter defendant, and sought
unemployment benefits alleging that she was eligible for such
benefits since she quit her job as a result of sexual harassment
by another employee. The Michigan Employment Security
Commission determined that plaintiff was ineligible for benefits
since she had voluntarily quit her job. Plaintiff appealed and a
referee reversed the earlier determination of disqualification.
Defendant did not appeal from that determination. Plaintiffs,
Mary Moody, Larry Moody and Laura Moody, thereafter filed a
complaint in the Wayne Circuit Court alleging that defendant
breached a duty owed to plaintiffs pursuant to the Civil Rights
Act when defendant failed to take appropriate action to re-
strain the sexual harassment of plaintiff. Defendant moved for
a declaration of rights, seeking to have the trial court rule that
the prior MESC referee determination in favor of plaintiff was
not dispositive of the issues of liability in the present case. The
trial court, Thomas Roumell, J., ruled that the referee's deter-
mination was conclusive as to the issue of liability in the
present case. Defendant appeals by leave granted.

The Court of Appeals held:

Since MCL 421.11(b)(1); MSA 17.511(b)(1) on its face prohibits
the use of MESC determinations in judicial proceedings unless
the MESC is a party, the statute's unambiguous language is not
open to judicial interpretation. Such determinations should not
be used to collaterally estop a party from litigating issues in a
subsequent civil suit in circuit court.

Reversed.

1. ESTOPPEL — COLLATERAL ESTOPPEL — ADMINISTRATIVE LAW.
   The doctrine of collateral estoppel generally applies to adminis-

REFERENCES

Am Jur 2d, Administrative Law §§ 473 et seq.

Doctrine of res judicata or collateral estoppel as barring relitigation
in state criminal proceedings of issues previously decided in
administrative proceedings. 30 ALR4th 856.

trative determinations which are adjudicatory *in nature* where a method of appeal is provided and where it is clear that it was the legislative intention to make a determination final in the absence of an appeal.

2. ADMINISTRATIVE LAW — EMPLOYMENT SECURITY ACT — EMPLOYMENT SECURITY COMMISSION — EVIDENCE.

    The Employment Security Act prohibits the use of Michigan Employment Security Commission records and determinations in a judicial or administrative proceeding unless the MESC is a party to the action (MCL 421.11[b][1]; MSA 17.511[b][1]).

3. ESTOPPEL — ADMINISTRATIVE LAW — EMPLOYMENT SECURITY COMMISSION — COLLATERAL ESTOPPEL.

    A determination by a Michigan Employment Security Commission referee may not be used in a subsequent civil action involving a claim of sexual harassment to collaterally estop a defendant from litigating the issue of its tort liability in circuit court (MCL 421.11[b][1]; MSA 17.511[b][1]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Nicholas J. Rine*), for plaintiffs.

*Honigman, Miller, Schwartz & Cohn* (by *Thomas E. Marshall* and *Michael A. Heck*), for defendant.

Before: SHEPHERD, P.J., and M. J. KELLY and C. M. FORSTER,* JJ.

M. J. KELLY, J. Plaintiffs, Mary Moody, her husband and their daughter, filed the instant action against Mary Moody's former employer, defendant, Westin Renaissance Company. The complaint alleged defendant breached a duty owed plaintiffs pursuant to the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, when defendant failed to take appropriate action to restrain the conduct of an employee who had been sexually harassing Mary Moody. Defendant moved for a declaration of rights, seeking to have the trial court rule that a prior Michigan Employment Security Commission

* Circuit judge, sitting on the Court of Appeals by assignment.

referee's determination in favor of plaintiff was not dispositive on the issues of liability in the present case. By leave granted, defendant appeals from the trial court's ruling that the MESC referee's determination was conclusive as to the issue of liability in the instant action. We reverse.

Plaintiff Mary Moody was employed as a semi-chef at the Westin Hotel from January, 1982, until May, 1983. Moody claims that during this period she was subjected to sexual and emotional harassment by a fellow employee, James Sills. Moody alleges she informed management about the sexual harassment, but little or nothing was done.

On May 3, 1983, the last day Moody worked at Westin, there was a confrontation between her and Sills in a stairwell in defendant's restaurant. Sills allegedly made physical contact with Moody and made threats against her safety. Plaintiff then quit her job and sought unemployment benefits.

Initially, the MESC determined that Moody was ineligible for benefits since she had voluntarily quit her job. However, that decision was appealed and following a hearing before a referee the earlier determination of disqualification was reversed. The referee's decision reflected that there had been a long-standing "very simmering situation" between Moody and a co-employee, "the employer had been placed on notice" of the allegations, "and that appropriate action was not taken by the employer in response thereto."

The referee held that benefit disqualification was not appropriate since Moody left her job for good cause attributable to her employer. Defendant did not appeal from that determination.

However, defendant now appeals from the subsequent decision of the trial court that the earlier MESC referee's determination was conclusive as to the issue of liability in the present case. Defendant

argues that a determination of an MESC referee cannot be used to collaterally estop a party from litigating issues of liability in a subsequent sex discrimination suit.

Generally, the doctrine of collateral estoppel will apply to administrative determinations which are adjudicatory in nature where a method of appeal is provided and where it is clear that it was the legislative intention to make a determination final in the absence of an appeal. See *Senior Accountants, Analysts & Appraisers v Detroit,* 399 Mich 449; 249 NW2d 121 (1976).

The question presented in the present case is whether a determination by an MESC referee can be used in a subsequent civil action involving a claim of sexual harassment to collaterally estop defendant from litigating the issue of its tort liability. Section 11(b)(1) of the Employment Security Act provides in part:

> Information obtained from any employing unit or individual pursuant to the administration of this act, and determinations as to the benefit rights of any individual shall be held confidential and shall not be disclosed or open to public inspection other than to public employees in the performance of their official duties pursuant to this act in any manner revealing the individual's or the employing unit's identity. However, any information in the commission's possession that may affect a claim for benefits or a charge to an employer's rating account shall be available to interested parties. Except as provided in this act, such information and determinations shall not be used in any action or proceeding before any court or administrative tribunal unless the commission is a party to or a complainant in the action or proceeding, or unless used for the prosecution of fraud, civil proceeding, or other legal proceeding pursuant to subdivision (2). Any report or statement,

written or verbal, made by any person to the commission, any member of the commission, or to any person engaged in administering this law shall be a privileged communication, and a person, firm, or corporation shall not be held liable for slander or libel on account of a report or statement. Such records and reports in the custody of the commission shall be available for examination by the employer or employee affected. [MCL 421.11(b)(1); MSA 17.511(b)(1).]

Recently, this Court found that the Workers' Compensation Appeal Board erred when it referred to the prior exclusion of a plaintiff's MESC records by a workers' compensation hearing officer. See *Wojciechowski v General Motors Corp*, 151 Mich App 399; 390 NW2d 727 (1986). The *Wojciechowski* Court held that records of the MESC could not be used in any action or proceeding before any court or administrative tribunal unless the MESC was a party to the action or proceeding. *Id.* at 406.

The trial court in this case relied on *Sias v General Motors Corp*, 372 Mich 542; 127 NW2d 357 (1964), to support its conclusion that the aforementioned statute only prohibits the use of MESC records as a basis for a libel or slander action. However, this narrow reading of MCL 421.11(b)(1); MSA 17.511(b)(1) has been rejected as misplaced because *Sias* was decided prior to the statute's 1965 amendment adding the prohibition against use of MESC records and determinations in a judicial or administrative proceeding unless the MESC is a party to the action. *Wojciechowski, supra* at 407. Where statutory language is clear and unambiguous, judicial interpretation that varies the plain meaning of the statute is precluded. See *Nerat v Swacker*, 150 Mich App 61, 64; 388 NW2d 305 (1986), lv den 426 Mich 857 (1986); *Hiltz v Phil's Quality Market*, 417 Mich 335, 343; 337

NW2d 237 (1983). Since § 11(b)(1) on its face prohibits the use of MESC determinations in judicial proceedings unless the MESC is a party, the statute's unambiguous language is not open to judicial interpretation. Such determinations should not be used to collaterally estop a party from litigating issues in a subsequent civil suit in circuit court.

We disagree with the recent decision by a panel of this Court in *Storey v Meijer, Inc,* 160 Mich App 589; 408 NW2d 510 (1987). That panel held that the statute was inapplicable because "defendant does not seek to use the MESC determination of ineligibility for unemployment benefits in the current action; rather, defendant seeks to use the MESC's finding of fact that plaintiff was discharged for employee theft." *Storey, supra,* at 594. We think that whether it is called a finding of fact or a determination it collides dead solid against the statute. We further believe that it was just such situations as were presented in *Storey* and in the case at bar which motivated the Legislature to isolate MESC determinations within the narrow confines of eligibility for benefits, leaving resolution of labor disputes, civil rights violations and contract disputes to forums more uniquely adapted to resolution of those disputes.

We note also that the *Storey* Court may have relied to some extent on a recently decided federal case, *Polk v Yellow Freight System, Inc,* 801 F2d 190 (CA 6, 1986). In *Polk* the Sixth Circuit Court of Appeals, applying Michigan law, held that an MESC determination that the plaintiff was discharged for misconduct precluded the plaintiff's subsequent action in circuit court for breach of an implied contract of employment. *Polk* dismissed the § 11(b)(1) statute in a footnote. It stated that the statute applies only to "internal determinations," not to the referee's or the board of review's

decision. *Polk, supra* at 194, n 6. We do not see the word internal in the statute and we do not understand the rationale of that decision.

Cases in other jurisdictions have also held that unemployment compensation determinations do not act as collateral estoppel in subsequent civil actions. See *Ferris v Hawkins,* 135 Ariz 329; 660 P2d 1256 (Ariz App, 1983), where the Arizona Court of Appeals rejected plaintiff's argument that his ex-employer was collaterally estopped from litigating the propriety of his discharge since that issue had already been decided in his favor at proceedings under Arizona's employment security act; *Pratt v Local 683, Film Technicians,* 260 Cal App 2d 545; 67 Cal Rptr 483 (1968), where the California Court of Appeals ruled that a determination of the California unemployment insurance appeals board could not be used to collaterally estop litigation by an employee for breach of his employment contract; *Hunt v OSR Chemicals, Inc,* 85 AD2d 681; 445 NYS2d 499 (1981), where the New York Supreme Court, Appellate Division, held that an unemployment security commission finding was not preclusive in a breach of contract action.

Reversed.