WEILER v NEW CENTURY BANK

Docket No. 95228. Submitted December 16, 1987, at Lansing. Decided May 2, 1988. Leave to appeal applied for.

Kathleen M. Weiler brought an action in Bay Circuit Court against New Century Bank and Joanne Weir and Lawrence Martin, employees of the bank, alleging wrongful discharge from her employment with the bank, the fraudulent alteration of a written request for leave which she had signed and the production of false testimony before the Michigan Employment Security Commission. Defendants moved for summary disposition on the basis that the decision by the MESC that plaintiff had voluntarily left her employment acted to bar the action through the application of collateral estoppel. The trial court, John X. Theiler, J., granted defendants' motion. Plaintiff appealed.

The Court of Appeals held:

1. While "determinations" of the MESC, by statute, may not be used in any court action in which the MESC is not a party, a determination as used in the statute refers to conclusions by the MESC reached without a contested case hearing. Findings of fact and decisions reached by the MESC after a full evidentiary contested case hearing may have collateral estoppel effect. Since the question of whether plaintiff's termination of employment was voluntary was fully considered by the MESC in the contested case hearing, the decision of the MESC that it was voluntary should be given collateral estoppel effect.

2. To the extent that plaintiff seeks in this action to attack the findings of the MESC, that issue should have been pursued in the review process provided by the Employment Security Act rather than in this separate action.

Affirmed.

ESTOPPEL — COLLATERAL ESTOPPEL — ADMINISTRATIVE LAW — EMPLOYMENT SECURITY COMMISSION.

It is not error for a trial court to grant summary disposition

REFERENCES

Am Jur 2d, Administrative Law §§ 496 et seq.

Doctrine of res judicata or collateral estoppel as barring relitigation in state criminal proceedings of issues previously decided in administrative proceedings. 30 ALR4th 856.

dismissing an action for wrongful discharge on the basis that the action is barred by collateral estoppel resulting from a prior factual decision by the Michigan Employment Security Commission that the employee voluntarily left employment where such decision by the commission was the result of a contested case hearing at which the employer and employee had full opportunity to be heard; while a determination by the commission of eligibility for unemployment benefits which is not the result of a contested case hearing may not be used in any action or proceeding in which the commission is not a party, that statutory prohibition does not preclude giving collateral estoppel effect to findings of fact and decisions of the commission which are made following a contested case hearing (MCL 421.11[b][1]; MSA 17.511[b][1]).

*Edward M. Czuprynski,* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *E. Louis Ognisanti* and *Scott C. Strattard*), for defendants.

Before: H. HOOD, P.J., and SAWYER and T. E. JACKSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the circuit court granting defendants' motion for summary disposition on the ground that collateral estoppel banned plaintiff's action. We affirm.

Plaintiff was employed by defendant bank as a bank teller over a period of two years. Plaintiff requested an unpaid leave of absence for personal reasons, which was denied by defendant Martin, a vice-president of the bank. Allegedly defendant Weir told plaintiff that defendant Martin had demanded her resignation. Plaintiff protested but was told that her employment with defendant bank had ended.

Plaintiff filed an application with the Michigan

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Employment Security Commission for unemployment compensation benefits, which was denied. This determination was upheld following a hearing before an MESC referee on a finding that plaintiff had voluntarily left her job. The referee was presented with conflicting factual representations by the parties, including a dispute over the alteration of plaintiff's form requesting leave. The MESC board of review affirmed the referee's decision and on rehearing affirmed its own decision. Plaintiff filed an appeal from the board of review's decision, which was dismissed by the circuit court on procedural grounds.

Plaintiff then filed a civil suit against defendants alleging wrongful discharge, fraud and intentional infliction of emotional distress. The circuit court granted defendants' motion for summary disposition on the basis that plaintiff's claims were barred by collateral estoppel.

The doctrine of collateral estoppel applies to factual determinations made by an administrative agency where the determinations are adjudicatory in nature, a method of appeal is provided and it is clear that it was the legislative intent to make the determinations final in the absence of an appeal. *Senior Accountants, Analysts & Appraisers Ass'n v Detroit,* 399 Mich 449, 457-458; 249 NW2d 121 (1976).

Whether this doctrine should be applied to decisions of the MESC has resulted in differing opinions in this Court. We agree with those decisions which would hold that collateral estoppel may apply to decisions of the MESC.

This issue was first considered by this Court in *Storey v Meijer, Inc,* 160 Mich App 589; 408 NW2d 510 (1987). In *Storey,* the MESC found the plaintiff ineligible for unemployment benefits because his employment had been terminated for theft. The

board of review affirmed the MESC's determination and the circuit court affirmed the board of review's decision. Plaintiff filed a separate wrongful termination action in circuit court. Defendant filed a motion for summary disposition, asserting that the MESC's decision that the plaintiff had been terminated for cause collaterally estopped plaintiff from relitigating the same factual issue in a separate circuit court action. The trial court granted defendant's motion. On appeal, this Court, applying *Senior Accountants,* affirmed.

Subsequently, a panel of this Court in *Moody v Westin Renaissance Co,* 162 Mich App 743; 413 NW2d 96 (1987), specifically disagreed with *Storey,* finding that § 11(b)(1) of the Employment Security Act, MCL 421.11(b)(1); MSA 17.511(b)(1), prohibits the use of MESC decisions in judicial proceedings unless the MESC is a party.

That interpretation of § 11(b)(1) was specifically rejected in *Storey, supra,* p 594. The *Storey* Court found that § 11(b)(1) prohibits the use of the MESC "determination" of ineligibility but not the MESC's finding of fact as to why the plaintiff was discharged. The *Moody* panel found this distinction unpersuasive.

*Moody* relied on the following language in § 11 (b)(1):

> Except as provided in this act, such information and determinations shall not be used in any action or proceeding before any court or administrative tribunal unless the commission is a party to or a complainant in the action or proceeding . . . .

In interpreting a portion of a statute, no one section or portion of the statute stands alone. The section must be read in context with the entire act so as to be in harmony with the whole of the

statute, *Arrowhead Development Co v Livingston Co Road Comm,* 413 Mich 505, 516; 322 NW2d 702 (1982).

A review of the entire Employment Security Act indicates that § 11(b)(1) does not preclude the use of the MESC decision in the present action. Section 11 deals with various activities of the MESC in administering the act, including cooperation with relevant federal agencies and the collection and use of information. The section directs the commission to hold the information it receives as confidential and to restrict the availability of such information.

The section applies to the commission and restricts its use of information and determinations. It does not restrict the individual employee or employer from divulging information in its control. Furthermore, the section specifically prohibits the use of determinations. Within the Employment Security Act, the term "determination" is used to refer to conclusions by the commission regarding an employee's status made outside of a contested hearing. See MCL 421.14, 421.32; MSA 17.514, 17.534.

However, in a collateral estoppel situation, a party seeks to use an MESC decision that has resulted from the actual litigation of a question. As noted in *Storey, supra,* p 593, the opportunity to litigate is shown where there has been a full evidentiary hearing before a referee, a review by the board and an appeal of right to the circuit court. When referring to the conclusions reached at these various stages, the act uses the terms "decision," "findings of facts" and "order," but not the term "determination." MCL 421.33-421.36, 421.38; MSA 17.535-17.538, 17.540.

Finally, the act provides that any writing prepared, owned, used, in the possession of, or re-

tained by a referee or by the appeal board in the performance of their official function must be made available to the public in compliance with Michigan's Freedom of Information Act. MCL 421.33(3), 421.36(3); MSA 17.535(3), 17.538(3). The Freedom of Information Act also provides that final orders, the decisions and the records of contested cases shall be made available to the public. MCL 15.241(1)(a); MSA 4.1801(11)(1)(a). This treatment of the decisions of the MESC referees and the appeal board directly contradicts the mandate of confidentiality imposed by § 11(b)(1), further indicating that the term "determinations" was not meant to include the MESC decision sought to be used here. See *Polk v Yellow Freight System, Inc,* 801 F2d 190, 194, n 6 (CA 6, 1986).

The *Moody* Court also noted that courts in other jurisdictions have held that unemployment compensation determinations do not act to bar by collateral estoppel subsequent civil actions. However, the courts in two of the cases cited in *Moody* recognized the availability of collateral estoppel but declined to apply the doctrine because of the circumstances of those cases. *Hunt v OSR Chemicals, Inc,* 85 AD2d 681; 445 NYS2d 499 (1981); *Ferris v Hawkins,* 135 Ariz 329; 660 P2d 1256 (Ariz App, 1983). To the extent that the holdings of other jurisdictions may be useful, we note that other courts have used the findings of unemployment compensation boards to estop the subsequent relitigation of issues. See *Bernstein v Birch Wathen School,* 71 AD2d 129; 421 NYS2d 574 (1979), aff'd 51 NY2d 932; 434 NYS2d 994 (1980); where the determination that plaintiff had quit without good cause was found to be dispositive of plaintiff's action for wrongful discharge; *Pullar v Upjohn Health Care Services, Inc,* 21 Ohio App 3d 288; 488 NE2d 486 (1984), where the determina-

tion of just cause for discharge precluded plaintiff's action for wrongful discharge and discrimination; *Ryan v New York Telephone Co,* 62 NY2d 494; 478 NYS2d 823 (1984), where a finding of misconduct by the board barred later civil actions for false arrest, malicious prosecution and wrongful discharge.

In Michigan, *Senior Accountants* makes it clear that administrative determinations may be used for purposes of collateral estoppel. *Storey* appropriately applied the *Senior Accountants* requirements to MESC decisions. On the basis of *Storey,* and for the reasons stated above, we hold that collateral estoppel may be applied in the present case. Therefore, we now consider whether the doctrine would bar this plaintiff's action.

Collateral estoppel is applicable where the question of fact at issue has actually been litigated, where there is a valid and final judgment, and where there is mutuality of estoppel between the parties. *Storey, supra,* p 593.

The factual issue in direct dispute before the MESC was whether plaintiff voluntarily left her job. This same issue is central to plaintiff's wrongful discharge claim in the circuit court that she was forced to resign. Therefore, the MESC's decision that plaintiff voluntarily left her job resolved the issue of plaintiff's wrongful discharge. As part of that decision, the MESC considered the same allegations of fraud raised in the circuit court. Furthermore, plaintiff's claim of fraud and intentional infliction of emotional distress are based on her allegation that she was forced to resign, a claim rejected by the MESC.

The decision of the board is valid and final. MCL 421.34; MSA 17.536. The parties had a full opportunity to litigate the above issues before the MESC,

including a full evidentiary hearing before a referee, a review by the board and an appeal as of right to the circuit court. To the extent that plaintiff challenges the findings of the MESC, that issue is not before this Court but should have been timely pursued as provided for under the Employment Security Act. *Id.*

There is mutuality of estoppel because the defendant employer is also bound by the MESC determination, as are the individual defendants as the agents of the employer. *DePolo v Greig,* 338 Mich 703; 62 NW2d 441 (1954).

We find that the trial court properly granted defendants' motion for summary disposition on the ground that plaintiff's circuit court action was barred by the doctrine of collateral estoppel.

Affirmed.